UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20448-CR-HUCK/BANDSTRA

UNITED STATES OF AMERICA,

vs.

JULIO FLETE VARONA,

Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE came before the Court for on the CJA 20 Voucher (D.E. 18) submitted by defense counsel Richard J. Serafini, Esq. in this case. In this Voucher, Mr. Serafini requests payment of attorney's fees in the amount of $11,625.00 and travel expenses of $441.00. On May 31, 2011, this voucher was referred to the undersigned for a Report and Recommendation as to the appropriateness of payment under 18 U.S.C. §3006A. Accordingly, the undersigned conducted a hearing on this voucher and inquired of defense counsel concerning his representation of Julio Flete Varona ("defendant") and whether such representation was "extended or complex" as required for payment in excess of the statutory maximum under 18 U.S.C. §3006A(d)(3). Following careful review of this voucher, the Court file and applicable law, and in consideration of the requirements for payment under the CJA statute, it is hereby

RECOMMENDED that the Court approve CJA Voucher FLS 10 54668 in the statutory maximum amount of $9,700.00 for attorney's fees plus $441.00 in travel expenses.

## ANALYSIS

Title 18, United States Code, Section 3006A provides for the appointment of CJA counsel for eligible criminal defendants; and for payment of legal services provided by appointed counsel at the conclusion of such representation. Currently, this statute allows a maximum hourly rate of $125.00 for both in court and out of court hours "reasonably expended" by appointed counsel in non-capital cases with a maximum amount of $9,700.00.[1] Section 3006A(d)(5) requires the appointed attorney to file a claim for compensation (using the CJA 20 form) supported by a sworn written statement specifying "the time expended, services provided, and expenses incurred while the case was pending" in the district court. Section 3006A(d)(3) provides for compensation in excess of this statutory maximum stating as follows:

> (3) payment in excess of the maximum amount... [$9,700.00]... may be made for **extended or complex representation** whenever the Court in which the representation was rendered, .... certifies that the amount of excess payment is necessary to provide fair compensation and the payment is approved by the chief judge of the circuit (or his/her delegated representative) (emphasis added).

On June 9, 2011, the undersigned conducted a hearing with CJA counsel Richard A. Serafini to determine the reasonableness of the hours expended by him in representing defendant in this case, and whether such representation was for "extended or complex" representation as required for full reimbursement under 18 U.S.C. §3006A(d)(3).

---

[1] See sections 230.16(a) and 230.23.20 of the Guide to Judiciary Policy which sets these hourly rates and maximum amounts for felony representation after January 1, 2010.

Reviewing the court file, the undersigned finds that Mr. Serafini was appointed to represent defendant on June 4, 2010, and thereafter appeared in court with him for his arraignment, pretrial detention hearing, change of plea and sentencing proceedings culminating on October 7, 2010. Defendant was indicted together with three co-defendants and was charged with a conspiracy to import in excess of five (5) kilograms of cocaine into the United States, possession with intent to distribute cocaine, and attempted possession with intent to distribute such contraband which had been transported by vessel from Equador to Port Everglades, Florida. Mr. Serafini explained that defendant had joined the conspiracy "near the end" and had agreed to transport the cocaine following its unloading in the United States. Nevertheless, Mr. Serafini had to review the case fully, determine potential defenses, and eventually negotiate a plea agreement with the government which consumed numerous hours of his time. Mr. Serafini met with defendant prior to arraignment and then at the pretrial detention hearing which resulted in defendant's detention at the FDC in Miami. Mr. Serafini then met with defendant and certain of his family members on several occasions at the FDC to explain the charges, discuss the evidence produced by the government, review the recorded meetings and conversations between a confidential informant and the defendants, and later prepared a sentencing memorandum with objections to the PSI as well as a motion for a downward departure from the guidelines based on defendant's minimal role.

    Mr. Serafini's CJA 20 Voucher lists 27.7 hours for interviews and conferences with defendant and his family; 13.9 hours obtaining and reviewing records (mostly recorded meetings and conversations); 21.5 hours for legal research and brief writing, and 29.9 hours of travel time. Mr. Serafini explains that his travel time was necessitated by

defendant's incarceration at the FDC in Miami which required about two hours of travel time for each visit from his Ft. Lauderdale office. Defendant spoke only Spanish which prevented email communications and required more frequent personal visits.

Reviewing Mr. Serafini's voucher and his attached time records, the undersigned finds that counsel had frequent conferences with defendant and his family between arraignment and sentencing. Mr. Serafini also performed many other services for defendant including telephone conferences with defendant's wife and the prosecution, legal research relating to sentencing issues, and, as mentioned, review of numerous video and audio recordings between the informant and defendants. The undersigned finds that the time expended on each legal task appears reasonable and necessary for defendant's case. Also, the total number of hours for such work (65.9 hours), excluding travel time, would result in compensation of $7,857.50, an amount well within the statutory maximum under 3006A.

Turning to travel time, the undersigned agrees with Mr. Serafini that the single largest block of time (29.9 hours) was for travel from Ft. Lauderdale to Miami to conference with defendant, his family members and the prosecution. While Mr. Serafini attempted to reduce this time by seeing other clients on certain of his visits, the total travel time still resulted in a total attorney's fee claim of $11,625.00, well beyond the statutory maximum allowed by 3006(d)(3). Mr. Serafini concedes that his representation of this defendant was not "extended or complex" as required for excess payment above $9,700.00. Thus, the undersigned recommends approval of only the statutory maximum ($9,700.00) which, if approved by the Court, would result in hourly compensation to Mr. Serafini of only

4

$104.30.[2]

The parties may serve and file written objections to this Report and Recommendation with the Honorable Paul C. Huck, within ten (10) days of the receipt. See 28 U.S.C. § 636(b)(1)(c); *United States v. Warren*, 687 F.2d 347, 348 (11th Cir. 1982), cert. Denied, 460 U.S. 1087 (1983); and *Hardin v. Wainwright*, 678 F.2d 589, 592 (5th Cir. Unit B. 1982); see also *Thomas v. Arn*, 474 U.S. 140, 153 (1985).

RESPECTFULLY SUBMITTED in Miami, Florida this 14th day of June, 2011.

_____
TED E. BANDSTRA
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Paul C. Huck
All counsel of record

---

[2] The problem encountered here results mostly from the appointment of CJA counsel residing outside of the City of Miami where defendant was incarcerated and, secondarily, from appointment of a CJA attorney who did not speak the language spoken by defendant. Both of these problems have been discussed by the Court on prior occasions with policies and practices approved, I believe, to prevent appointment of out-of-town counsel and/or counsel that does not speak in the language of the defendant. Perhaps those policies and practices need to be reviewed again and, if necessary, changed to avoid reduced payment to attorneys such as Mr. Serafini who are willing to take such cases and expend all necessary efforts to perform legal services required by the defendant.